-PSO-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

PAUL SMITH, 00-A-2268,

          Plaintiff,

    -v-

Captain P. GREIS, Captain S. AMOIA,
Sgt. HALL, Officer GENS, Officer SPELLBURG,
Officer DUNFORD, and Officer ROBERTS,

          Defendants.
_____

DECISION AND ORDER
05-CV-6099CJS
05-CV-6168P

By Order filed April 4, 2005, plaintiff was directed to file an amended complaint by May 16, 2005. Plaintiff, proceeding *pro se*, filed a new complaint and application to proceed *in forma pauperis*, which was opened in error as a new action, Civil Docket Number 05-CV-61868P. Upon review, the Court deems the complaint in 05-CV-6168P to be the amended complaint in 05-CV-6099CJS, and directs the Clerk of the Court to docket the complaint in 05-CV-6168P as the amended complaint in 05-CV-6099CJS. The Clerk of the Court is directed to close 05-CV-6168P without further order of the Court.

In 05-CV-6099CJS, plaintiff was granted an opportunity to amend his Eighth Amendment claims regarding assaults and failure to protect and Fourteenth Amendment claim regarding disciplinary hearings. For the reasons discussed below, the amended claims against Captain P. Greis and Captain S. Amoia and the second claim in the amended complaint are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, and service by the U.S. Marshals is ordered with respect to the remaining claims.

## DISCUSSION

Because plaintiff was granted permission to proceed *in forma pauperis*, the Court is required to conduct an initial screening of plaintiff's amended complaint. In evaluating the complaint, the Court must accept as true all factual allegations and must draw all inferences in plaintiff's favor. *See King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). Dismissal is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *and see Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "To state a valid claim under 42 U.S.C. §§ 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d. Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir.1994)). Based on its evaluation of the complaint, the Court finds that plaintiff's claims against Captain P. Greis and Captain S. Amoia and the Fourteenth Amendment claim regarding disciplinary hearings must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b) because they fail to state a claim upon which relief may be granted.

Plaintiff's amended claims against Sgt. Hall, Officer Gens, Officer Spellburg, Officer Dunford, and Officer Roberts are sufficient to proceed. Plaintiff does not allege that Captain P. Greis and Captain S. Amoia were either present or involved in the events on February 11, 2005. In order for a plaintiff to establish a claim against a defendant in a

2

§ 1983 action, the plaintiff must allege that the defendant had some personal involvement in the allegedly unlawful conduct. *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995). Plaintiff does not mention either of these defendants in the allegations. Accordingly, the claims against these two defendants are dismissed and Captain P. Greis and Captain S. Amoia are terminated as defendants in the action.

With respect to the second claim in the amended complaint, plaintiff has not provided the necessary details required to set forth a claim. Despite the opportunity to amend, plaintiff does not provide dates or specific allegation to establish his claim. He simply alleges that on "various dates" Officer Dunford, Mrs. Hagg, D. Sweirk, Sgt. Hall, Lt. Dunsa, and I.G. Agent Gennett[1] engaged in multiple abuses of authority by filing Tier III misbehavior reports against him, and that, as a result, he spent time in the "box" for "nonsense." Plaintiff's amended allegation is simply too conclusory and vague to state a claim.

Moreover, taking as true plaintiff's implication that the misbehavior reports were inaccurate or even deliberately falsified, *see Cooper v. Pate*, 378 U.S. 546, (1964) (directing the Court to accept as true all complaint allegations when it makes its preliminary screening of the complaint under 28 U.S.C. § 1915), the allegation does not state a constitutional violation because an inmate has no constitutional immunity from being falsely written up. *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986) ("The prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest"); *Husbands v. McClellan*,

---

[1] Several of these individuals included in plaintiff's second claim are not named as defendants in the caption of the amended complaint.

957 F. Supp. 403 (W.D.N.Y. 1997). The only constitutional violation that could occur in this situation is if plaintiff were not provided adequate due process in any proceeding which is based upon the misbehavior report. In that case, the claim is not based on the truth or falsity of the misbehavior report but instead on the conduct of the hearing itself. Plaintiff provides no such allegations regarding the hearings. Accordingly, the second claim is dismissed with prejudice.

## CONCLUSION

The Court deems the complaint in 05-CV-6168P to be the amended complaint in 05-CV-6099CJS, and directs the Clerk of the Court to docket the complaint in 05-CV-6168P as the amended complaint in 05-CV-6099CJS. The Clerk of the Court is directed to close 05-CV-6168P without further order of the Court.

For the reasons discussed above, plaintiff's claims against Captain P. Greis and Captain S. Amoia, and the Fourteenth Amendment claim regarding misbehavior reports are dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A. The U.S. Marshal is directed to serve the summons and complaint on Sgt. Hall, Officer Gens, Officer Spellburg, Officer Dunford, and Officer Roberts regarding the remaining Eighth Amendment claims alleging two assaults, an improper strip search, and failure to protect on February 11, 2005.

## ORDER

IT HEREBY IS ORDERED, that the complaint in 05-CV-6168P be filed and docketed as the amended complaint in 05-CV-6099CJS;

FURTHER, that leave to appeal to the Court of Appeals as a poor person is denied.

SO ORDERED.

Dated: *MAY 20, 2005*, 2005
Rochester, New York

*Charles Siragusa*
CHARLES J. SIRAGUSA
United States District Judge