**FILED**

### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF NEW YORK



MAR 2 4 2008

CLERK, US DISTRICT COURT, WDNY

PAUL SMITH,

Plaintiff,

-vs-

SGT. HALL, OFFICER GENS, OFFICER
SPELLBURG, OFFICER DUNFORD &
OFFICER ROBERTS,

Defendants.

DECISION & ORDER
05-CV-6099 CJS

---

In his amended complaint, Plaintiff alleges a count of excessive force in violation of his Eighth Amendment right to be free from cruel and unusual punishment. On June 20, 2007, Defendants moved to dismiss the complaint pursuant to Federal Rules of Civil Procedure 16(f) and 41(b) (Docket No. 19).

Federal Rule of Civil Procedure 41 provides in pertinent part as follows:

> (b) Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b) (2007). Federal Rule of Civil Procedure 16 provides in pertinent part as follows:

> (1) In General. On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference; (B) is substantially unprepared to participate--or does not participate in good faith--in the conference; or (C) fails to obey a scheduling or other pretrial order.

Fed. R. Civ. P. 16(f)(1)(A)-(C) (2007). Rule 37 provides in pertinent part as follows:

(A) For Not Obeying a Discovery Order. If a party…fails to obey an order to provide or permit discovery…the court where the action is pending may issue further just orders. They may include the following:

(I) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A)(ii)-(vii) (2007). Defendants' counsel, Assistant New York State Attorney General Benjamin Bruce, filed an affirmation in which he stated that on September 27, 2006, he mailed an authorization for release of health information to Plaintiff, along with a letter explaining to him that the authorization was necessary, since his amended complaint raised issues regarding his physical condition as a result of an alleged assault. (Bruce Aff. (Docket No. 22) ¶ 4.) Moreover, in response to an Order to Show Cause as to why his case should not be dismissed for failure to prosecute (Docket No. 8), Plaintiff filed a letter in which he stated, *inter alia*, "I've been severely beaten, denied medical assistance, knocked out tooth, 2 black eyes, busted ribb [sic] swollen head & ribbs [sic] & spone [sic] still on pain." (Smith Reply (Docket No. 9), at 1.)  Mr. Bruce

argues that Plaintiff's medical records "are critical evidence of his physical condition after the alleged incident and central to the determination of whether excessive force was used." (Bruce Aff. ¶ 10.)

Mr. Bruce also states in his affirmation that on October 5, 2006,[1] he received a letter from Plaintiff dated September 29, 2006, in which Plaintiff stated, "you'll have to get an [sic] court order to have my medical records released!" Included with the letter was the authorization for release form, which was unsigned. On January 17, 2007, U.S. Magistrate Judge Jonathan Feldman held a Rule 16 scheduling conference, with Plaintiff appearing by telephone. At the conference, Mr. Bruce advised Judge Feldman about the difficulty in obtaining a medical release from Plaintiff. Judge Feldman ordered Plaintiff to sign the release, and warned him that his amended complaint would be dismissed if he failed to comply.

Despite Judge Feldman's direction, Plaintiff failed to execute the authorization form and, as a result, Mr. Bruce filed the current motion to dismiss, which, because of its dispositive nature, is before this Court. In connection with Mr. Bruce's application, the Court on July 10, 2007, issued a motion scheduling order. Plaintiff responded in a letter dated July 17, 2007, addressed to the Clerk of the Court and filed on August 13, 2007 (Docket No. 24), in which he wrote the following:

> Today I'm taking out time from my very busy schedule to write such sensitive grown folks, at least they appear to be. Last speaking to you liar amongs [sic] liars, case resolver because of my belief! [sic] There[']s only 1# one judge and it dam sure ain't no human being on this planet. You[']r[e] not my superior, nor am I inferior of [sic] you people. I know how things would be the

---

[1]Mr. Bruce's affirmation mistakenly uses the date of October 5, 2007, in his affirmation when, in fact, the correct date is October 5, 2006.

moment you called with Benji Brucie with you, staying polite and respectfull [sic]. I should have known as my past instincts tell me, never trust white[2] folk's [sic] with nothing. Funny thing is that[']s why I didn't fill out the authorization form agreeing to the complete filing fee,[3] I heard about you'll [sic] meatball case advisars [sic]. I would say something foul but I almost forgot how sensitive you white boy's [sic] are. They lack the male strength given to the male agenda, there [sic] more in tune with their feminalry [sic] side. Well Charlie Siragusa, don't send me, nor Benny Benjp [sic] no more information on protecting gay incest kinfolk of yours somewhere with the odapuss [sic] complex letters anymore. You people are the spitting image of your coward forefathers. I could go on & on, but your [sic] not even worth my words of wisdom. I'm sending you back your motion. Maybe you can make a paper thing out of it to wear to one of your gay bashes. I'd never ask no human being to leave me alone, you really have no idea how foul my mouth can be, I've calmed down a lot. Don't try to bring me out of my character because you won't like it. Wait a minute then again I take that back. I forgott [sic] you folks like being spoken to like such. Sad. An [sic] dam [sic] pitifull [sic] shame. Need more like ya [sic] white on white crime. Keep up the incest Dannamore Country Pig slapping town U.S.A. Wee, Haww. I'm only saying this once. You'll [sic] better back the fuck up from me <u>now</u>, and go on about you'll [sic] business! For real. I don't know, don't want to, don't like and say nothing to tell you'll [sic] white folk's [sic], I'm fucking telling you for the last time.

"UMBANJAMU FUNGAMAJ!"

I'll put an [sic] hex on you so fast you'll piss blood for an [sic] month.

Leave me the fuck alone.

(Pl.'s Response to Mot. Scheduling Order (Docket No. 24) (emphasis in original).) Attached

to the three-page hand written letter was a copy of the Court's motion scheduling order

(Docket No. 23.)

_____

[2]The Court presumes that the reference is to itself, since Assistant N.Y. Attorney General Benjamin Bruce is African-American.

[3]This reference is unexplained. Plaintiff was granted leave to proceed *in forma pauperis* in an Order entered on April 4, 2005 (Docket No. 3).

There is a dearth of case law with respect to the issue presently before the Court: the appropriate remedy for willful failure to execute, pursuant to court order, an authorization form for the release of medical records. In one unreported case, *Jackson v. Pfeiffer*, No. 03-C-941, 2006 U.S. Dist. LEXIS 29586 (E.D. Wisc. Apr. 27, 2006), the district court denied a motion to dismiss and held that the appropriate remedy for failure to sign a release was a motion to compel signature of the release form. *Id.* 2006 U.S. Dist. LEXIS 29586 at *14-15. Unlike the situation in *Jackson*, however, here it is undisputed that Plaintiff was already ordered by Magistrate Judge Feldman to sign the authorization. In 1979, the Second Circuit Court of Appeals addressed the application of sanctions for a lawyer's failure to obey an order compelling discovery. The Court of Appeals held,

> A panel of this court has accepted certification of an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) which raises the following question: where a party, fully able to comply with a magistrate's order compelling discovery fails to do so due to a total dereliction of professional responsibility, amounting to gross negligence, may the district court in its discretion order a preclusion of evidence tantamount to the dismissal of a claim under Fed. R. Civ. P. 37? We conclude that it may.

*Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1064 (2d Cir. 1979). Even though Plaintiff is proceeding *pro se*, it does not excuse the willful failure to obey a court order. Moreover, not only has he failed to obey a court order, but rather than complying, he has responded with a contemptible racist diatribe in response, in which he not only indicated his scorn for the Court, but his intent to disregard further court orders. Disobedience of a court order, especially after being specifically warned that doing so would result in dismissal, cannot be allowed to stand unsanctioned. The Court concludes that, since information concerning Plaintiff's physical condition is

obviously critical and necessary evidence in the defense of an excessive force claim, a sanction other than dismissal would be ineffective. In reaching its conclusion, the Court has determined that, based on Plaintiff's letter response, detailed above, that staying the proceedings to allow him to comply would serve no purpose. Further, the Court determined that finding Plaintiff in contempt and imposing a fine, or threatening his liberty, would be useless, since he is already a prisoner and is proceeding here *in forma pauperis*. Consequently, the Court finds that Plaintiff's conduct here warrants application of the most severe sanction and hereby grants Defendant's motion to dismiss. Fed. R. Civ. P. 41(b). Since a dismissal under Rule 41 is considered, under the circumstances present here, an adjudication on the merits, the Clerk is directed to enter judgment for Defendants.

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. *Coppedge v. United States*, 369 U.S. 438 (1962). Requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

IT IS SO ORDERED.

Dated:   March ___, 2008
Rochester, New York

ENTER:

Charles Siragusa

CHARLES J. SIRAGUSA
United States District Judge